UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 13 - 1639

CHRISTIAN DENIS,

Plaintiff,

**COMPLAINT**

-against-

JURY TRIAL DEMANDED

GARAUFIS, J.

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER JUSTIN SMITH
(Shield Number 6812), in his individual and official
capacities; POLICE OFFICER JOHN DOE, in his
individual and official capacities,

SCANLON, M.J.

Defendants.

---------------------------------------------------------------------X

Plaintiff, Christian Denis, by his attorney, Steven E. Lynch, alleges for his complaint
against the defendants as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages,
and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his
civil rights guaranteed by the Constitutions of the Unites States and the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and
the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. §
1367(a) over any and all state constitutional or common law claims that are so related to the
claims within the original jurisdiction of this court that they form part of the same controversy.

Plaintiff has satisfied all procedural prerequisites with respect to his state law claims:

Plaintiff served notice of claim upon the City within ninety (90) days of the incident underlying

his claims and has otherwise complied with the statutory requirements of the General

Municipal Law of the State of New York. Although thirty (30) days have elapsed since

service of his initial notice of claim, the City has not adjusted or paid such claim.

## VENUE

5.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§ 1391(b)(2), in that this is the District in which the events or omissions underlying the claim

arose.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

7.      Plaintiff is an African-American male and was at all relevant times a citizen of the

City and State of New York.

8.      Defendant, the City of New York, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant, the City of New York, maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, the City of New York.

10.     At all times hereinafter mentioned, the individually named defendants, Police

Officer Justin Smith and Police Officer John Doe, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

14.     On January 10, 2012, at approximately 4:00 p.m., plaintiff left his apartment, located at 388 Midwood Street, Brooklyn, New York, to speak to two (2) neighbors and a neighbor's friend in the hallway of plaintiff's apartment building.

15.     On January 10, 2012, at approximately 4:20 p.m., Police Officer Justin Smith and Police Officer John Doe exited the elevator near plaintiff, plaintiff's neighbors, and a neighbor's friend.

16.     Neither Police Officer Justin Smith nor Police Officer John Doe wore a police uniform.

17.     Upon request from Police Officer Justin Smith and Police Officer John Doe, plaintiff provided identification.

18.     After receiving plaintiff's identification, Police Officer Justin Smith and Police Officer John Doe searched the plaintiff and found no contraband.

19.     After a police officer said "cuff him", a police officer took out handcuffs and approached the plaintiff.

20.     When plaintiff took a step back, a police officer pulled the plaintiff to the floor.

21.     Once on the floor, plaintiff curled into a ball.

22.     While plaintiff lay on the floor curled in a ball, Police Officer Justin Smith and Police Officer John Doe punched the side of plaintiff's stomach and plaintiff's body without provocation or justification.

23.     Plaintiff's neighbors screamed and asked Police Officer Justin Smith and Police Officer John Doe why they were beating the plaintiff.

24.     Plaintiff's 12 year-old sister, E.D., exited plaintiff's apartment when she heard screams in the hallway.  When E.D. came to plaintiff's aid, Police Officer Justin Smith and Police Officer John Doe threw E.D., against a wall.

25.     Without provocation or justification, a police officer sprayed mace in plaintiff's face while plaintiff lay on the ground.

26.     After the unprovoked assault at the hands of NYPD police officers, plaintiff was arrested and subjected to excessively tight handcuffs.

26.     Plaintiff was not permitted to wash the pepper spray from his eyes until approximately forty-five (45) after being sprayed, causing excruciating pain in plaintiff's eyes.

27.     On January 11, 2012, charges of Penal Law sections 221.10 criminal possession of marijuana in the fifth degree, 221.05 unlawful possession of marijuana, 205.30 resisting arrest were adjourned in contemplation of dismissal.

28.     On January 11, 2012, plaintiff was treated at SUNY Downstate Medical Center at

Long Island College Hospital for injuries including but not limited to: pain to his eyes, ears, and wrists and neck; and bruising to his neck, arms, and hands.

**FIRST CAUSE OF ACTION**
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations for Excessive Force*
(Against the Individual Officer Defendants)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34. The level of force employed by defendants was objectively unreasonable and in violation of the plaintiff's constitutional rights.

35. As a result of the foregoing, plaintiff sustained, inter alia, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional

rights.

## SECOND CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations*
*for False Arrest*
(Against the Individual Officer Defendants)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     As a result of defendants' aforementioned conduct, plaintiff was subjected to an

illegal, improper, and false arrest by the defendants and taken into custody and caused to be

falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal

proceedings, intentionally, willfully, and with malice, and without probable cause, privilege or

consent.

38.     As a result of the foregoing, plaintiff's liberty was restricted for an extended

period of time, and he was put in fear for his safety, was humiliated and subjected to

handcuffing, and other physical restraints, without probable cause.

## THIRD CAUSE OF ACTION
*Municipal Liability*

39.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants assaulted without justification and falsely arrested plaintiff without

reasonable justification, notwithstanding their knowledge that said excessive force and false

arrest would jeopardize plaintiff's well-being, safety, and constitutional rights.

41.     The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials, with all the actual and/or

apparent authority attendant thereto.

42.    The acts complained of were carried out by the aforementioned individual

defendants in their capacities as police officers and officials pursuant to the customs, policies,

usages, practices, procedures, and rules of the City of New York and the New York City Police

Department, all under the supervision of ranking officers of said department.

43.    The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department constituted a deliberate

indifference to the safety, well-being and constitutional rights of plaintiff Christian Denis.

44.    The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by Plaintiff Christian Denis as alleged herein.

45.    As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department, plaintiff suffered

excessive force resulting in pain to his eyes, ears, and wrists and neck; and bruising to his neck,

arms, and hands.

46.    Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating the constitutional rights of plaintiff Christian

Denis.

47.    Defendants, collectively and individually, while acting under color of state law,

acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were

directly responsible for the violation of plaintiff Christian Denis' constitutional rights.

<div align="center">

**FOURTH CAUSE OF ACTION**
New York Common Law
(Against all Defendants)

</div>

48.    Plaintiff repeats, reiterates, and realleges paragraphs 1 through 47 as if fully set

forth herein.

49.     By the actions described above, the City and each and every Individual
Officer Defendant, jointly and severally, has committed the following wrongful acts against
Plaintiff, which are tortious under the laws of the State of New York:

    a. False arrest;

    b. Assault and battery;

50.     The foregoing acts and conduct of defendants were a direct and proximate
cause of injury and damage to plaintiff and violated the common law rights guaranteed to
him by the laws of the State of New York.

## FIFTH CAUSE OF ACTION
Respondeat Superior
(Against the City of New York)

51.     Plaintiff repeats, reiterates, and realleges paragraphs 1 through 50 as if fully set
forth herein.

52.     The Individual Officer Defendants were employees of the City at the time of
the incidents alleged herein and each was acting at all relevant times within the scope of his
or her employment with the City.

53.     The City is therefore vicariously liable for the tortious acts as described and
alleged herein of the Individual Officer Defendants under the common law doctrine of
respondeat superior.

        WHEREFORE, plaintiff demands judgment in the sum of one million dollars
($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive
damages, plus attorney's fees, costs, and disbursements of this action

Dated:  New York, New York                    By:
        March 27, 2013

Steven E. Lynch
Attorney for Plaintiff
The Law Offices of Steven E. Lynch
233 Fifth Avenue, Suite 4A
New York, New York 10016
(T) (718) 858-8737
(F) (718) 690-3593
stevenelynch@gmail.com